UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BREWSTER G. STALTER, II** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-12786** |
| **ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., ET AL** | **SECTION: "S" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Leave of Court to File Counterclaim (R. Doc. 13)** filed by defendants, Arthur J. Gallagher Risk Management Services, Inc., individually and as successor-in-interest to Arthur J. Gallagher of Louisiana, Inc., by merger, and Arthur J. Gallagher & Co. (collectively "Gallagher") seeking leave of the Court to file a counterclaim against Plaintiff Brewster G. Stalter, II ("Stalter"). The motion is opposed. R. Doc. 16. The motion was submitted on April 12, 2017 and heard with argument that same day. For the following reasons, the motion is **GRANTED.**

### I.     Background

This action was removed from the Orleans Parish Civil District Court on July 14, 2016. R. Doc. 1. Stalter alleges that he was an account executive and risk management services agent for Gallagher from March 1, 2001 until October 1, 2007. R. Doc. 1-1, p. 2. From 2003 through 2005, Stalter was allegedly the lead account executive for the potential insurance business of Loyola University of New Orleans, New Orleans Public Schools/Orleans Parish School Board, and the Orleans Levee District, among others. *Id.* On or about March 16, 2004, Statlter was asked to bring additional insurance brokers onto the account for Loyola University account. *Id.* Stalter agreed, and the managers for Gallagher agreed that Stalter would receive fifty (50) percent of the commissions generated by the account. *Id.* Moreover, during 2006, Gallagher sold policies to Loyola University and the New Orleans Public Schools/Orleans Parish School Board, which were

allegedly Stalter's accounts. *Id.* at. p. 2-3. Thereafter, on or about October 1, 2007, Statlter was terminated by Gallagher. *Id.* at p. 3. As part of his termination, the Parties entered into a contract by which Stalter would be paid a portion of future commissions earned on accounts that he initiated. *Id.* Statler allegedly received payments from Gallagher from that time until March 2015 on some accounts, but never on the Loyola University and the New Orleans Public Schools/Orleans Parish School Board accounts. In March 2015, Gallagher informed him that it would not make payments to him for commissions on the Loyola University and the New Orleans Public Schools/Orleans Parish School Board. *Id.* As such, Stalter filed the instant suit for against Gallagher for its alleged breach of contract. *Id.*

At this time, Gallagher wishes to file a counterclaim against Stalter. R. Doc. 13. In particular, Gallagher alleges that while he was employed Stalter was paid a bi-weekly draw in advance of the commissions he was expected to earn. R. Doc. 13-1, p. 2. Gallagher alleges that over the years Stalter's advances exceeded the commissions he earned. *Id.* As part of his agrred compensation plan, Stalter was allegedly supposed to reimburse Gallagher to the extent the advances exceeded the earned commission. *Id.* Gallagher alleges that at the time of his termination Stalter had been given advance commissions of $109,052.00 in excess of the commissions he earned. *Id.* Gallagher alleges that at this time, Stalter has not reimbursed Gallagher for that amount. *Id.*

As such, Gallagher now seeks to file a counterclaim against seeking repayment of the $109,052.00. R. Doc. 13-2. Gallagher states that it only became aware of the extent of unearned advance commissions that had been paid to Stalter and never repaid when it was compiling its responses to discovery propounded by Stalter. R. Doc. 13-1, p. 3, 5. Gallagher argues that, even though the motion is untimely, there is good cause to allow the amendment because it involves a

related matter that should be dealt with in the same trial; would not prejudice in allowing the amendment as the counterclaim would not require much additional discovery; and there is still time before trial to cure any potential prejudice or allow for further discovery. *Id.* at p. 5-8.

Stalter has opposed the motion. R. Doc. 16. Stalter argues that the instant motion is untimely given the Court's deadline of October 24, 2016 for the filing of claims. *Id.* at p. 2. Moreover, Stalter argues that granting the amendment would prejudice him because the new counterclaim would require additional discovery and that there is not adequate time to conduct that discovery given the Court's current deadlines, including a May 15, 2017 deadline for him to produce expert disclosures, the June 1, 2017 deadline for witnesses and exhibits, the June 15 deadline for discovery, and the July 13, 2017 pretrial conference. *Id.* at p. 3-4.

## II. Standard of Review

While the Federal Rules of Civil Procedure do not place a specific limitation on when a counterclaim may be filed, "the Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to [file]; (2) the importance of the [claim]; (3) the potential prejudice in allowing the [claim]; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant

3

can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

### III.     Analysis

At this time, Gallagher seeks leave of the Court to file a counterclaim against Stalter. R. Doc. 13. In particular, Gallagher seeks leave to assert a counterclaim against Stalter for $109,052.00 that Statler owes Gallgher in advance commissions paid to him but never earned. R. Doc. 13-2. Stalter has opposed the filing of the counterclaim arguing that it is untimely and that allowing the claim to be filed would prejudice him because it would require additional discovery that likely could not be completed in time of the Court's current deadlines. R. Doc. 16.

As an initial matter, the Court notes that the District Court has previously set a deadline for the filing of counterclaims on October 24, 2016. R. Doc. 7. Because Gallagher's motion for leave to file comes almost six months after that deadline, the instant motion is governed by Federal Rule of Civil Procedure Rule 16(b). *S & W Enterprises*, 315 F.3d at 536.  Here, the Court finds that good cause exists as to the counterclaim. First, as to Gallagher's explanation for the failure to file the motion for leave earlier, the Court does not find Gallagher's explanation convincing. Gallagher argues that it only became aware of its potential claim against Stalter and the extent of money Stalter allegedly owes it when it was compiling responses to Statler's discovery requests. R. Doc. 13-1, p. 5. Merely because Stalter did not serve discovery requests earlier is no excuse for Gallagher to not have investigated what if any claims it had against Stalter earlier, especially when the counterclaim has an effect on the underlying claim. As such, the Court finds that the first factor weighs against a finding of good cause. However, the failure to offer a satisfactory explanation for failing to take action earlier is not necessarily fatal to a finding of good cause. *See Murray v. Neff Rental, Inc.*, No. 08-0471, 2009 WL 3109880, at *4 (W.D. La. Sept. 28, 2009).

Second, the importance of the counterclaim, the Court finds the counterclaim to be important. Gallagher's claim as to amounts owed by Stalter to Gallagher not only implicates the same employment/contractual relationship between the parties at issue in Stalter's claim, but could also impact the amount of money one party ultimately owes the other. Certainly, it is in the interest of judicial economy to allow these related claims to be handled in the same suit. *See Anders Const., Inc. v. Couvillion Grp. LLC,* No. 14-1250, 2015 WL 3936035, at *3 (E.D. La. June 26, 2015) ("The amendment is thus important, as it involves a dispute arising under the same facts in the underlying lawsuit. And judicial efficiency argues in favor of resolving all claims that involve the same underlying facts in one proceeding."); *Bayou Liberty Prop., LLC v. Best Buy Stores, LLC*, No. 14–1112, 2015 WL 1415704, at *4 (E.D. La. Mar. 27, 2015); *Murray*, 2009 WL 3109880 at *4 ("[T]he second factor—importance of the amendment—is critical in this case, as this Court notes the overreaching interest of the courts in efficiently bringing related matters to trial at the same time."). As such, the second factor weighs in favor of a finding of good cause.

As to the third and fourth factors, the potential prejudice and the availability of a continuance to cure that prejudice, the Court finds that this factor weighs in favor of a finding of good cause. Stalter argues that allowing Gallagher to file the counterclaim will result in additional discovery that would be prejudicial to him. R. Doc. 16. In particular, Stalter argues that no discovery produce or exchanged beyond a single piece of paper indicated a "Total due from employee" evinces any "agreed compensation plan" that required Stalter to pay Gallagher any amount. *Id.* at p. 2-3. Moreover, Stalter argues that the counterclaim would necessitate discovery into the entire eight-year employment history and an itemization of the alleged debt Stalter owes to Gallagher—which has not yet been produced. *Id.* He argues that any continuance would have a cascading effect that would ultimately effect the trial date. *Id.* at p. 4. In opposition, Gallagher

5

argues that the same discovery that relates to the original claim and defenses will support the counterclaim and the discovery deadline is still almost two months away. R. Doc. 13-1, p. 6. Gallagher also argues that a continuance of any pertinent deadlines would cure any potential prejudice.

Here, trial is currently scheduled for August 7, 2017. There is plenty of time to allow for additional discovery as needed to respond to the counterclaim given that the discovery deadline is almost two months away and trial is almost four months away. Given the current trial date further continuances as necessary to allow for discovery or other pretrial practice would not unnecessarily delay the trial. As such, the Court finds that there is good cause to allow the counterclaim.

In considering helping advance discovery in this matter, during oral argument the Gallagher indicated that it was in the process of finalizing some documents in response to a discovery request by the Stalter. The Court ordered that those documents be produced no later than April 19, 2017.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion for Leave to File Counterclaim (R. Doc. 13)** be **GRANTED.**

**IT IS FURTHER ORDERED** that Gallagher produce its discovery responses as discussed during oral argument **no later than April 19, 2017.**

New Orleans, Louisiana, this 12th day of April 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**